Kevin G. Little, SBN 149818
**Law Office of Kevin G. Little**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: kevin@kevinlittle.com

Attorney for Defendant Kevin Packard

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:16-cr-00069 NONE SKO |
| Plaintiff, | **ORDER RE:** |
| vs. | **REVOCATION OF DEFENDANT KEVIN PACKARD'S SUPERVISED RELEASE AND JUDGMENT THEREON** |
| KEVIN PACKARD, | |
| Defendant. | |

On March 27, 2020 at 10:30 a.m., this supervised release revocation matter came before the Court. Present and appearing were the following persons: Defendant Kevin Packard, appearing via videoconference while in custody at the Fresno County Jail; Kevin G. Little, Esq., appearing on behalf of the defendant; Kimberly A. Sanchez, Assistant United States Attorney and Chief of the Narcotics and Violent Crime Unit, appearing on behalf of the United States; and Chhoeuth Bou, United States Probation Officer.

The current revocation petition (Docket No. 827) was amended on the record to include a Charge 8, which charges a violation of 18 U.S.C. § 3563(b)(6) and alleges as follows:

///

///

### Charge 8: PROHIBITED COMMUNICATION/INTERACTION

Between February 17 and August 7, 2019, the defendant communicated through his Facebook account, "K Tuda Umm," with persons whom he knew were involved in gang and other criminal activity and/or persons having previously been convicted of felonies. These communications were in violation of Standard Condition 8 of the defendant's supervision, which provided: *You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.*

Upon being advised on this amendment to the revocation petition, and being fully advised of his constitutional and statutory rights, including his rights to a timely preliminary hearing and a right to contest said charge with the assistance of counsel at a contested revocation hearing, the Defendant waived his rights and admitted to a violation of Charge 8. The Court finds that the defendant's admission was knowing and voluntary and accepts it as a valid and proper admission of committing conduct that violates Charge 8 as alleged.

The Defendant and the government both requested immediate sentencing. The Court noted on the record that it had received, reviewed and considered the disposition memorandum prepared by the United States Probation Office, the disposition memorandum submitted on behalf of the defendant, and the exhibits submitted by the Government, namely the subject Facebook postings. The Court also stated for the record before imposing sentence, that it had considered the statutory provisions, including the sentencing factors set forth in 18 USC 3583(e), and policy statements issued by the Sentencing Commission.

IT IS HEREBY ORDERED and ADJUDGED, based on the foregoing, that the defendant has violated the terms and conditions of supervision as alleged in the petition filed on September 26, 2019, as amended on this date in Charge 8.

IT IS THE JUDGMENT OF THE COURT that supervised release heretofore granted on June 25, 2018, is hereby revoked and the defendant is committed to the custody of the Bureau of Prisons for a term of time served from September 26, 2019 to March 27, 2020. Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.

Upon release from imprisonment, the defendant shall be placed on Supervised Release for a term of 25 months.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which he is released.

While on Supervised Release, the defendant shall not commit another federal, state, or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and shall not illegally possess controlled substances. The defendant shall cooperate in the collection of DNA as directed by the probation officer and shall comply with the standard conditions which have been recommended by the United States Sentencing Commission and adopted by this Court (see attached).

Further, the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one (1) drug test within 15 days of release on Supervised Release, and at least two (2) periodic drug tests thereafter, not to exceed four (4) drug tests per month, as directed by the probation officer.

The defendant shall also comply with the following special conditions:

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall provide the probation officer with access to any requested financial information.

3. The defendant shall not possess or have access to any cellular phone without the advance permission of the probation officer. The defendant shall provide all billing records for such device, whether used for business or personal, to the probation officer upon request.

4. As directed by the probation officer, the defendant shall participate in a program of outpatient mental health treatment.

ORDER RE: VIOLATION OF SUPERVISED RELEASED AND JUDGMENT THEREON

5.  As directed by the probation officer, the defendant shall complete up to 20 hours of unpaid community service per week until employed for at least 30 hours per week or participating in a previously approved educational or vocational program.

6.  The defendant shall participate in a cognitive behavioral treatment program as directed by the probation officer.

7.  The defendant shall not associate with any known gang member of the Dog Pound street gang or any other known member of a criminal street gang, as directed by the probation officer.

IT IS FURTHER ORDERED that the defendant shall be provided a copy of this Order by his counsel, Mr. Little.

IT IS FURTHER ORDERED that, upon the government's motion made at today's hearing, that Charges 1 through 7 of the violation petition are hereby dismissed.

Because the defendant has waived his appellate rights for all purposes related to the violation petition and proceedings had thereon, no advisement of appellate rights was required or necessary. The defendant was nonetheless advised of his appellate rights and right to proceed on appeal with the assistance of appointed counsel if he lacks the financial resources to retain counsel for appeal.

IT IS SO ADJUDGED AND ORDERED, this 27th day of March, 2020.

IT IS SO ORDERED.

Dated:  **March 27, 2020**            _____
UNITED STATES DISTRICT JUDGE